# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-356V
UNPUBLISHED

| | |
|---|---|
| DONNA SCHOENBERGER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: September 2, 2022<br><br>Show cause; failure to prosecute;<br>influenza (flu) vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 8, 2021, Donna Schoenberger filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") from an influenza ("flu") vaccination she received on September 30, 2020. ECF No. 1. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### Relevant Procedural History

In the petition, Petitioner alleged that she suffered a shoulder injury from a flu vaccination but did not provide any medical history for treatment of the injury. ECF No. 1. Petitioner did not submit any statutorily required supporting documentation with the petition. On January 29, 2021, the PAR Initial Order issued requiring Petitioner to file these outstanding documents. ECF No. 5.

On March 2, 2022, Petitioner filed some medical records and a Statement of Completion. ECF Nos. 14, 15. On the following day, Petitioner filed a Motion for Ruling on the Record indicating that indicated that "[n]o additional records are available or will

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

be filed in this case. [Petitioner's] Counsel has reviewed the records and now believes the case is ready for disposition." ECF No. 16. Petitioner reiterated that "no additional evidence will be presented by petitioner" and "requests that the Chief Special Master issue a Decision based on the current record." *Id.*

A status conference was held on March 14, 2022, to discuss this motion. During the status conference, Petitioner's counsel confirmed that no additional information would be submitted in this case, including the statutorily required affidavit. I ultimately deferred ruling on Petitioner's Motion to allow the standard case review process to proceed. ECF No. 19.

On May 31, 2022, I issued an Order to Show Cause noting that Petitioner was missing medical records supporting the severity requirement, that his shoulder injury persisted for more than six months, in additional to an affidavit. ECF No. 20. The Order warned that the case would be dismissed for failure to prosecute if Petitioner did not file the outstanding documents or otherwise respond to the order.

On July 29, 2022, Petitioner's counsel filed a response to the Order to Show indicating that she had sent the Order to Show Cause to Petitioner by certified mail, by other means, and followed up without success. ECF No. 22. Despite many months of effort, counsel indicated that she has been unable to contact Petitioner and, thus, could not obtain the outstanding documents identified in the Order to Show Cause. Counsel requested that a decision be issued resolving this case.

**Grounds for Dismissal**

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in my May 31, 2022 Order to Show Cause that failure to follow orders issued in this matter (and failure to communicate with her counsel which prevents compliance with those order) risked dismissal of the claim. As noted in the response to the Order to Show Cause, Petitioner has been out-of-touch

with her counsel since August 26, 2021. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

As an alternative basis for dismissal, among other requirements for compensation in the Vaccine Program, Petitioner must establish the severity requirement, that her injury persisted for more than six months or resulted in inpatient hospitalization and surgical intervention. § 300aa—11(c)(1)(D)(i). The Order to Show Cause detailed the lack of evidence to establish the severity requirement. Since that order, Petitioner has not filed any additional medical records to support the severity requirement. Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."